Pamela **WILLIAMS, Plaintiff-Appellant,**

v.

**LIFE SAVINGS AND LOAN,
Defendant-Appellee.**

No. 85–1664.

United States Court of Appeals,
Tenth Circuit.

June 23, 1986.

Pamela Williams, pro se.

Robert R. Tepper of Rosenthal and Schanfield, Chicago, Ill., for defendant-appellee.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

**1202**

PER CURIAM.

In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and record on appeal.

This is an appeal from an Order of the United States District Court for the District of Colorado dismissing *sua sponte* for lack of personal jurisdiction plaintiff's Title VII action against defendant, a Rockford, Illinois bank where she was previously employed. Plaintiff's complaint was filed on April 26, 1985. (R., Vol. I, p. 4.) On April 29, 1985, prior to the expiration of the time period within which defendant was required to appear or to file a responsive pleading, Fed.R.Civ.P. 12(a), the district court dismissed the complaint *sua sponte* for lack of personal jurisdiction. The Order of Dismissal stated that "this court has no jurisdiction over the defendant. Any action against such defendant must be filed in Illinois." (R., Vol. I, p. 8.) We consider whether the district court erred in dismissing plaintiff's complaint on its own motion for lack of personal jurisdiction.

A court has an obligation to dismiss a complaint for lack of subject matter jurisdiction. However, it may never dismiss a case on its own motion for improper venue. We hold that a district court may not inquire into its personal jurisdiction and dismiss a case *sua sponte* except when entering a default judgment.

▪ It is well settled that a federal court must dismiss a case for lack of subject matter jurisdiction, even should the parties fail to raise the issue. *Mansfield, Coldwater & Lake Michigan Railway v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884); *Fiedler v. Clark*, 714 F.2d 77, 78–79 (9th Cir.1983). *See also*, Fed.R. Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court *shall* dismiss the action" (emphasis added)). A court's lack of subject matter jurisdiction cannot be waived by the parties, nor can it be conferred upon the district court by agreement of the parties. *Mitchell v. Maurer*, 293 U.S. 237,

243, 55 S.Ct. 162, 164–65, 79 L.Ed. 338 (1934).

▪ A defect in the district court's jurisdiction over a party, however, is a personal defense which may be asserted or waived by a party. Fed.R.Civ.P. 12(h)(1) (defects in the district court's personal jurisdiction over a party are waived unless timely raised in a pre-answer motion or in the answer). A personal defense may not be raised by another on behalf of a party. Once waived, lack of personal jurisdiction may not be raised by the court. *Zelson v. Thomforde*, 412 F.2d 56, 58 (3rd Cir.1969) (holding it was error for the district court to dismiss a case *sua sponte* for want of personal jurisdiction, where the defendant appeared without objecting to the court's jurisdiction over him). In addition, jurisdiction over a party may be conferred upon a court by contractual agreement of the parties, *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964), or by voluntary appearance of a party, *Pennoyer v. Neff*, 5 Otto 714, 725, 95 U.S. 714, 725, 24 L.Ed. 565 (1878).

▪ Defects in venue are also waived if they are untimely asserted. Fed.R.Civ.P. 12(h)(1). In addition, if a party is in default by failing to appear or to file a responsive pleading, defects in venue are waived, a default judgment may be validly entered and the judgment cannot be attacked collaterally for improper venue. *Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S.Ct. 1084, 1089, 4 L.Ed.2d 1254 (1960). Defects in personal jurisdiction, however, are not waived by default when a party fails to appear or to respond. *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 225 (10th Cir.1979). This distinction between defects in venue and personal jurisdiction is due to their respective effect on the court's power: A judgment is void when a court enters it lacking subject matter jurisdiction or jurisdiction over the parties. *Id.* at 224. Defects in venue do not affect the court's power and a valid default judgment may be entered by a court notwithstanding the de-

fect. *Commercial Insurance Co. v. Stone Co.,* 278 U.S. 177, 180, 49 S.Ct. 98, 99, 73 L.Ed. 252 (1928).

Relief from a void judgment is mandatory. *V.T.A., Inc. v. Airco, Inc., supra* at 224. Thus, when entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties. In reviewing its personal jurisdiction, the court does not assert a personal defense of the parties; rather, the court exercises its responsibility to determine that it has the power to enter the default judgment. We cite with approval *First National Bank of Louisville v. Bezema,* 569 F.Supp. 818 (S.D.Indiana 1983). The district court there declined to enter a default judgment and transferred the action finding *sua sponte* that it did not have jurisdiction over the defendant who neither appeared nor filed a responsive pleading to plaintiff's complaint.

The defendant in the instant appeal did not appear or file a responsive pleading to plaintiff's complaint. Unlike *First National Bank of Louisville v. Bezema, supra,* however, the time period for filing a responsive pleading or making an appearance had not expired. Fed.R.Civ.P. 12(a). Plaintiff's complaint was filed on April 26, 1985, and the district court entered the Order of Dismissal on April 29, 1985. At the time the district court dismissed plaintiff's complaint, defendant was not in default and no judgment could have been entered against it. Fed.R.Civ.P. 55(a). The district court had no reason to inquire into its power over the parties at this stage of the proceedings. Prior to the filing of a motion for default judgment, the court may not *sua sponte* consider defects in personal jurisdiction on behalf of parties who may choose to waive the defects or subject themselves to the court's jurisdiction in any event. We hold that a district court may not dismiss an action *sua sponte* for lack of personal jurisdiction except when a default judgment is to be entered.

Accordingly, the district court's order is VACATED and this case is REMANDED for further proceedings consistent with this opinion.