**Lindsey K. SPRINGER, Plaintiff,**

v.

**Vicki BALOUGH, et al., Defendants.**

**No. 99–CV–0977B(E).**

United States District Court,
N.D. Oklahoma.

March 21, 2000.

Lindsey K Springer, Tulsa, OK, Pro se.

Tracy Folsom Milner, Barbara C Stoner, Office of the Attorney General, Oklahoma City, OK, Alyce S Robertson, Alabama Attorney General, Montgomery, AL, Sarah J Felix, Alaska Attorney General, Juneau, AK, for Sandra Stout.

Mark Pryor, Dennis R Hansen, Office of the Attorney General, Little Rock, AR, for Jacque Alexander, Jeanette K Heinbockel.

Thomas F Gede, California Attorney General, Sacramento, CA, for John Mott-Smith.

Maurice G Knaizer, Office of the Attorney General, Denver, CO, for Victoria Buckley.

Karla A Turekian, Connecticut Attorney General, Hartford, CT, for Thomas H. Ferguson.

Stuart B Drowos, Office of the Attorney General, Wilmington, DE, for Thomas J Cook.

Sara E Genzel, Office of the Attorney General, Tallahassee, FL, for David A Rancourt.

Dennis R Dunn, Georgia Attorney General, Atlanta, GA, for Linda W. Beazley.

Aaron H Schulaner, Hawaii Attorney General, Honolulu, HI, for Dwayne D Yoshina.

Meghan O Maine, Office of the Attorney General, General Law Bureau, Chicago, IL, for Dr. Ronald D Michaelson.

Terry G Duga, Office of the Attorney General, Indianapolis, IN, for Due Anne Gilroy.

M J Willoughby, Office of the Attorney General, Topeka, KS, for Ron E Thornburgh.

Vanessa L Armstrong, Office of the Attorney General, Civil and Environmental Law Division, Frankfort, KY, for John Y. Brown, III.

Thomas S Halligan, Angle Rogers LaPlace, Office of the Attorney General, Baton Rouge, LA, for Wade Martin, III.

Paul Stern, Phyllis Gardiner, Christopher C Taub, Maine Attorney General, Augusta, ME, for Julie L Flynn.

Judith A Arnold, Maryland Attorney General, Baltimore, MD, for Gene M Baynor, Linda H Lamone.

Susan Paulson, Office of the Attorney General, Boston, MA, for John Cloonan.

Gary P Gordon, Jennifer M Granholm, Office of the Attorney General, Lansing, MI, for Christopher M Thomas.

Keith D Halcomb, Office of the Attorney General, Jefferson City, MO, for Meryl Atterberry.

Joseph P Mazurek, Clay R Smith, Office of Attorney General, Helena, MT, for Joe Kerwin.

Dale A Corner, Nebraska Attorney General, Lincoln, NE, for Scott Moore.

P Mark Ghan, Office of the Attorney General, Carson City, NV, for Dean Heller.

Daniel J Mullen, Office of the Attorney General, Concord, NH, for William M Gardner.

Donna Kelly, Office of the Attorney General, RJ Hughes Justice Complex, Trenton, NJ, for Joseph F Britt.

Patricia A Madrid, Bennett S Cohn, Cindy J Cordova, New Mexico Attorney General, Santa Fe, NM, for Stephani Gonzales.

Patricia L Murray, New York State Board of Elections, Albany, NY, for Thomas R Wilkey.

Susan Kelley Nichols, North Carolina Attorney General, Department of Justice, Raleigh, NC, Gary O Bartlett.

JoAnn C Toth, Office of the Attorney General, Bismarck, ND, for Alvin A Jaeger.

David S Timms, Ohio Attorney General, Assistant Attorney General, Columbus, OH, for Bob Taft.

Tracy Folsom Milner, Barbara C Stoner, Office of the Attorney General, Oklahoma City, OK, for Lance D Ward.

Phillip M Bender, Oregon Attorney General, Salem, OR, for Colleen Sealock.

Michael A Farnan, Pennsylvania Attorney General, Harrisburg, PA, for Dick Filling.

Thomas A Palombo, Rhode Island Attorney General, Providence, RI, for Janet Armstrong.

Sherri Sundern Wald, Attorney General's Office, Pierre, SD, C Havird Jones, Office of the Attorney General, Columbia, SC, for James Hendrix, Joyce Hazeltine.

Janet M Kleinfelter, Office of Attorney General, Nashville, TN, for Brook Thompson.

Mark G Parenti, Texas Attorney General, Austin, TX, Valerie R Esparza, Texas Attorney General, Austin, TX, for Ann McGeehan.

Ralph L Finlayson, Office of the Attorney General, Salt Lake City, UT, for Olene S Walker.

Michael McShane, Office of the Attorney General, Montpelier, VT, for James Milne, Deborah L. Markowitz.

Jeffrey T Even, Washington Attorney General, Olympia, WA, for Gary McIntosh.

Robert D Williams, West Virginia Attorney General, Charleston, WV, for Ken Heckler.

Karen E Timberlake, Wisconsin Dept of Justice, Madison, WI, for Kevin J. Kennedy.

Rowena L Heckert, Office of the Attorney General, Cheyenne, WY, for Diana Ohman.

## *ORDER*

BURRAGE, District Judge.

This matter comes before the Court upon the motions to dismiss filed by Defendants, Lance Ward, Gary McIntosh, John Y. Brown, III, Joe Kerwin, Jacque Alexander/Jeanette Heinbockel, Ken Hechler, Ron Thornburgh, Meryl Atterberry, Victoria Buckley/Donetta Davidson, Scott Moore, Dwayne D. Yoshina, David Rancourt, James Hendrix, Gene Raynor/Linda Lamone, Ann McGeehan, Dick Filling, Sandra Stout, Janet Armstrong, Vicki Balough, Ronald D. Michaelson, Bob Taft/Kenneth Blackwell, Colleen Sealock, Linda W. Beazley, Alvin A. Jaeger, John Mott–Smith, Joseph Britt, Julie Flynn, Joyce Hazeltine, Diana Ohman, James Milne/Deborah L. Markowitz, Christopher Thomas, Sue Anne Gilroy, Kevin Kennedy, Gary Bartlett, William Gardner, Brook Thompson, John Cloonan, Thomas H. Ferguson, Dean Heller, Olene S. Walker, Stephanie Gonzales and Ward Martin III/Frances Hurst (Docket Entries # 10, # 20, # 28, # 32, # 37, # 45, # 52, # 56,

# 57, # 62, # 70, # 72, # 75, # 76, # 83, # 86, # 90, # 93, # 99, # 103, # 108, # 110, # 111, # 116, # 121, # 125, # 139, # 142, # 146, # 151, # 158, # 161, # 165, # 168, # 170, # 175–1, # 180, # 215, # 216, # 239, # 241, # 246, and # 279) [1] and the motion for summary judgment filed by Defendant, Thomas R. Wilkey (Docket Entry # 12). Plaintiff, Lindsey K. Springer, has responded to the motions and upon due consideration of the parties' submissions, the Court makes its determination.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief against state officials who are responsible for elections in the fifty states. In his Complaint, Plaintiff alleges that on or about November 18, 1998, he requested each of the Defendants to place his name upon the ballot to be presented to "Appointed Electors" for election of the office of President. Plaintiff alleges that each of the Defendants refused his request for ballot access, even though he sufficiently demonstrated compliance with the constitutional qualifications for the office of President, namely, a natural born citizen, a resident of the United States of America for at least 14 years and the age of thirty-five. Plaintiff claims that Defendants have dictated that Plaintiff must satisfy additional qualifications in order to be eligible for consideration by the "Appointed Electors" for the office of President. Plaintiff alleges that by requiring additional qualifications for ballot access, Defendants have violated his constitutional rights under the 9th, 10th, 14th Amendments.

Plaintiff bases his Complaint upon six causes of action. In the first cause of action, Plaintiff claims that Defendants, by expanding the qualifications for the office of President and by infringing upon Plaintiff's right to be considered for the office of President, have denied Plaintiff his rights under the 9th, 10th and 14th Amendments.

In his second cause of action, Plaintiff claims that Defendants, by refusing to place Plaintiff's name on the ballot, have denied Plaintiff "equal access" under the 9th, 10th and 14th Amendments. In his third cause of action, Plaintiff contends that Defendants, by refusing to allow Plaintiff to be considered by the Appointed Electors, have granted preferential treatment to political parties and unfairly burdened Plaintiff. In his fourth cause of action, Plaintiff alleges that Defendants have caused the constitutional election of the office of President to be unattainable and therefore have violated Article II, section 1, cl. 3 and the 12th Amendment. In his fifth cause of action, Plaintiff claims that Defendants, by their conduct, have "produce[d] the affect of a Monopoly" as to the Elector appointment process. In his sixth cause of action, Plaintiff contends that Defendants have violated Plaintiff's rights under the 9th, 10th and 14th Amendments by refusing to accept his presidential qualifications.

In their motions, Defendants request dismissal or summary judgment of Plaintiff's action on various grounds. One of the grounds raised in support of dismissal by the majority of non-resident Defendants is that the Court lacks personal jurisdiction over them. Another ground raised in support of dismissal or summary judgment by all Defendants is that Plaintiff's Complaint fails to state a claim against them upon which relief may be granted. Upon review, the Court finds that Plaintiff has failed to satisfy his burden of establishing personal jurisdiction over the non-resident Defendants who have challenged the Court's exercise of personal jurisdiction over them. The Court also finds that Plaintiff's Complaint fails to state a claim against Defendants upon which relief may be granted. Because these issues are dispositive of Plain-

---

1. In addition to his motion to dismiss, Defendant, Dwayne Yoshina, filed a motion for joinder in the other Defendants' motions to dismiss. The Court finds that the motion should be granted. The Court also finds that the notices of joinder in the brief filed by Gary McIntosh which were filed by Defendants, William Gardner and Stephanie Gonzales, and which the Court construes as motions for joinder should be granted.

tiff's action, the Court shall not address any of the other grounds raised by Defendants in their motions.

*Personal Jurisdiction*

█ The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant "so long as there exist minimum contacts between the defendant and the forum State." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)(quotation omitted); *OMI Holdings, Inc. v. Royal Insurance Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir.1998). The minimum contacts standard may be met in two ways. First, a court may, consistent with due process, assert specific jurisdiction over a non-resident defendant "if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)(quotations and citations omitted). When a plaintiff's cause of action does not arise directly from a defendant's forum-related activities, the district court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts within the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *OMI Holdings*, 149 F.3d at 1091. However, because general jurisdiction is not related to events giving rise to the lawsuit, the district court is to impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts. *Helicopteros*, 466 U.S. at 416, 104 S.Ct. 1868; *OMI Holdings*, 149 F.3d at 1091.

█ Even if the defendant's actions created sufficient minimum contacts, the district court must still consider whether the exercise of personal jurisdiction over the defendant would offend traditional notions of "fair play and substantial justice." *Burger King Corp.*, 471 U.S. at 476, 105 S.Ct. 2174 (quotation omitted). This inquiry requires a determination of whether the district court's exercise of personal jurisdiction over the defendant is reasonable in light of the circumstances surrounding the case. *Id.* at 477–78, 105 S.Ct. 2174.

█ The plaintiff bears the burden of establishing personal jurisdiction over the defendant. *Behagen v. Amateur Basketball Ass'n of the United States*, 744 F.2d 731, 733 (10th Cir.1984), *cert. denied,* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985). When the district court rules on a Fed.R.Civ.P. 12(b)(2) motion, without an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. *Kuenzle v. HTM Sport–Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir.1996). The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts if true would support personal jurisdiction over the defendant. *OMI Holdings*, 149 F.3d at 1091.

█ The Court concludes that Plaintiff has failed to satisfy his burden of establishing personal jurisdiction over the non-resident Defendants who have challenged the Court's exercise of personal jurisdiction. Plaintiff has not shown that Defendants purposefully directed their activities to the forum state. Assuming arguendo that Defendants responded to Plaintiff's initial letter asking for placement upon each of the state's ballots,[2] the Court finds such activity is insufficient to establish specific personal jurisdiction over the non-resident Defendants. *See, Caldwell v. Palmetto State Savings Bank*, 811 F.2d 916, 918 (5th Cir.1987).

The Court also finds that Plaintiff has failed to show continuous and systematic contacts to support the Court's exercise of

---

**2.** In his Complaint, Plaintiff does not allege that each of the Defendants responded to Plaintiff in writing. Plaintiff alleges that Defendants "either by silence and or written communication, chose to deny plaintiff the satisfaction of being eligible for consideration by the Appointed Electors...." *See,* Paragraph 128 of Complaint.

general personal jurisdiction. The Court concludes that Defendants' purported actions in responding to Plaintiff's letter cannot be regarded as a contact of a "continuous and systematic" nature for the exercise of general personal jurisdiction.

■ In his response, Plaintiff contends that the non-resident Defendants have waived their defense of lack of personal jurisdiction on the basis that they have entered an appearance in this action. The Court, however, rejects this contention. Defendants challenged the Court's exercise of personal jurisdiction in pre-answer motions as required by Fed.R.Civ.P. 12(h). Moreover, Defendants' counsels' filing of initial appearances or motions for admission pro hac vice are not the defensive moves in which a waiver of personal jurisdiction can occur. *United States v. 51 Pieces of Real Property,* 17 F.3d 1306, 1314 (10th Cir.1994).

■ Plaintiff also contends that the Court may exercise personal jurisdiction over the Defendants on the basis that Plaintiff's Complaint is federal in nature. The Court finds this contention to be without merit. In the absence of a federal statute providing for nationwide personal jurisdiction, as in this case, Plaintiff must still establish minimum contacts even though the cause of action is federal. *Janmark, Inc. v. Reidy,* 132 F.3d 1200, 1201–02 (7th Cir.1997).

Because Plaintiff has failed to establish his prima facie case of personal jurisdiction over the non-resident Defendants who have challenged the Court's exercise of personal jurisdiction, the Court finds that dismissal of Plaintiff's Complaint against these Defendants is appropriate.

*Failure to State a Claim*

In his Complaint, Plaintiff claims that Defendants are required to place his name on the ballot for consideration of the office of President because he satisfies the constitutional qualifications for the office of President. Plaintiff maintains that Defendants cannot place any restrictions on his access to the ballot, if the constitutional qualifications have been met.

■ It is well-established, however, that states can require candidates to satisfy reasonable requirements in order to appear on the ballot. The Supreme Court has recognized that "as a practical matter, there must be a substantial regulation of elections if they are to be fair and honest and if some sort of order, rather than chaos, is to accompany the democratic process." *Storer v. Brown,* 415 U.S. 724, 730, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974). While the Constitution protects the right of the people to organize political parties for the purpose of promoting their views, it also permits the states to "enact reasonable regulations of parties, elections, and ballots to reduce election- and campaign-related disorder." *Timmons v. Twin Cities Area New Party,* 520 U.S. 351, 358, 117 S.Ct. 1364, 137 L.Ed.2d 589 (1997). Among the potential cause of disorder such regulations may address is the potential for the ballot to become "cluttered with candidates from minor parties who did not command significant voter support." *Munro v. Socialist Workers Party,* 479 U.S. 189, 196, 107 S.Ct. 533, 93 L.Ed.2d 499 (1986). As the Supreme Court has reasoned, "it seems to us that limiting the choice of candidates to those who have complied with state election law requirements is the prototypical example of a regulation that, while it affects the right to vote, is eminently reasonable." *Burdick v. Takushi,* 504 U.S. 428, 440, n. 10, 112 S.Ct. 2059, 119 L.Ed.2d 245 (1992).

The Supreme Court has specifically applied this line of reasoning to presidential election ballots. Indeed, the seminal case defining the standard by which a court should review state ballot access laws concerned the 1980 presidential campaign of John Anderson. *Anderson v. Celebrezze,* 460 U.S. 780, 782, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983). Although the Court invalidated the specific procedures at issue, it held that most ballot access requirements would satisfy constitutional standards. The Supreme Court therein stated that "the state's important regulatory interests are generally sufficient to justify

reasonable, nondiscriminatory restrictions." *Id.* at 788, 103 S.Ct. 1564.

In the Complaint, Plaintiff has not set forth any allegations to show that he has complied with the conditions and/or restrictions enumerated by the states to obtain access to the ballot. In addition, Plaintiff has not pled any facts which would call into question whether the states' restrictions would fail to satisfy the reasonable balancing test announced in *Anderson.* *Id.* at 789, 103 S.Ct. 1564. Plaintiff has simply alleged that he wrote to Defendants demanding that his name be placed on the ballot. However, "it is now clear that States may condition access to the general election ballot by minor-party or independent candidates upon a showing of a modicum of support among the potential voters for the office." *Munro,* 479 U.S. at 193, 107 S.Ct. 533. Indeed, according to the Supreme Court, a state "has the undoubted right to require candidates to make a preliminary showing of substantial support in order to qualify for a place on the ballot, because it is both wasteful and confusing to encumber the ballot with the names of frivolous candidates." *Anderson,* 460 U.S. at 788 n. 9, 103 S.Ct. 1564. In this case, Plaintiff made no effort to demonstrate that support. Moreover, he has alleged no reason why compliance with the states' election laws would be difficult or unreasonable.

■ In his Complaint, Plaintiff has alleged that Defendants are precluded from adding to the qualifications the Constitution establishes for serving as President. However, the Court finds that Plaintiff has confused a qualification for serving as President with a requirement for appearing on a ballot for selection of President. While the Supreme Court has ruled that states may not engraft new or additional qualifications for holding office onto those

Constitutionally established, it made clear that this principle does not apply to ballot access standards. *U.S. Term Limits, Inc. v. Thornton,* 514 U.S. 779, 798, 115 S.Ct. 1842, 131 L.Ed.2d 881 (1995). Requirements that are procedural in nature, such as reasonable ballot access requirements, do not violate a constitutional provision describing the qualification for holding office. *Id.* at 834, 115 S.Ct. 1842.

In his Complaint, Plaintiff alleges that he should be placed upon the ballot voted by the electors rather than by the people. He maintains that because the Constitution states that the electors must vote by "ballot," the states must print ballots containing the list of all candidates from which the electors may choose. The Twelfth Amendment, however, merely requires that the ballots show the persons for whom the electors actually cast votes. It does not require that the ballot list all the candidates to be considered. The Court finds that Plaintiff's assertions in regard to this issue are without merit.

In his Complaint and Response, Plaintiff raises other assertions in regard to the electoral college process. The Court finds those assertions to be without merit.

Upon review, the Court finds that Plaintiff has failed to state a claim against Defendants for which relief may be granted. Accordingly, the Court finds that dismissal of Plaintiff's Complaint is appropriate.

*Other Motions*

■ Plaintiff has filed a request for the Court Clerk to enter default and a motion for the Court to enter default judgment against Defendants, Jane Hull, Thomas Cook, Pete Cenarrusa, Carol Olson, Joseph Mansky, Eric Clark and Bruce Meadows. None of these non-resident Defendants have answered or filed a responsive pleading to Plaintiff's Complaint.[3,4] The

---

**3.** Plaintiff's request and motion also sought the entry of default and default judgment against Defendants, Thomas H. Ferguson, Wade Martin, III, Dean Heller, Stephanie Gonzales and Olene S. Walker. These Defendants, however, filed motions to dismiss after Plaintiff's filing of the request and motion.

The Court has addressed those motions on the merits. The Court therefore does not address Plaintiff's request and motion as to these Defendants.

**4.** The Court notes that counsel for Defendant, Thomas Cook, filed a motion for admission

Court, however, finds that the request and motion should be denied and that Plaintiff's action against these Defendants should be dismissed. Similar to the other non-resident Defendants, Plaintiff has not demonstrated that the Court may exercise specific or general personal jurisdiction over these non-resident Defendants. Although personal jurisdiction is a personal defense of a non-resident defendant and can be waived by that defendant, the Court may sua sponte consider defects in personal jurisdiction and dismiss an action for lack of personal jurisdiction when a default judgment is sought to be entered. *Williams v. Life Savings and Loan*, 802 F.2d 1200, 1202 (10th Cir.1986). By considering the defects sua sponte, the Court is not raising the personal defense of the non-resident defendant, but is exercising its responsibility to determine that it has the power to enter default judgment. *Id.* Because Plaintiff has failed to establish personal jurisdiction in regard to these non-resident Defendants, the Court finds that the action against them should be dismissed for lack of personal jurisdiction.

 Plaintiff has filed a motion for reconsideration of the motions for admission pro hac vice filed by non-resident counsel for Defendants, Victoria Buckley/Donetta Davidson, Dwayne D. Yoshina, Ron Thornburgh, John Y. Brown, III, Julie Flynn, Gene Raynor/Linda Lamone, Meryl Atterberry, Joe Kerwin, Thomas R. Wilkey, Gary Bartlett, and Gary McIntosh and a motion for sanctions against Barbara Stoner and Tracy Folsom Milner, counsel for Defendant, Lance Ward. The Court finds that these motions are without merit and should be denied.

In their pro hac vice motions, non-resident counsel properly identified Barbara Stoner and Tracy Folsom Milner as their resident counsel in accordance with N.D. LR 83.3(K). At the time non-resident counsel filed their motions, Barbara Stoner and Tracy Folsom Milner had already entered an appearance in the case. The Court finds that it was not necessary for these attorneys to enter an appearance as resident counsel for each of the Defendants in order to comply with N.D. LR 83.3(K). However, to the extent that N.D. LR 83.3(K) could be construed to require Barbara Stoner and Tracy Folsom Milner to enter an appearance as resident counsel for each of the Defendants, the Court waives the requirement pursuant to N.D. LR 1.1(E).

In regard to Plaintiff's alternative request for sanctions against Barbara Stoner and Tracy Folsom Milner for failure to enter an appearance as resident counsel, the Court finds that such request should be denied for the reasons above-stated.

As to Plaintiff's request for sanctions against Barbara Stoner and Tracy Folsom Milner for presenting a defense of improper service of process on behalf of Defendant, Stephanie Gonzales, the Court finds that such sanctions should be denied. Plaintiff has not cited any authority for the imposition of sanctions. To the extent, Plaintiff is seeking sanctions pursuant to Rule 11, Fed.R.Civ.P., the Court finds that Plaintiff has failed to comply with the requirements of Rule 11(c)(1)(A), Fed.R.Civ.P.[5]

In addition, Defendant, Janet Armstrong, has filed a motion for sanctions or injunctive relief on the basis that Plaintiff's action is frivolous, vexatious and wholly without merit. The Court finds that the motion should be denied. Defendant has not complied with Rule 11(c)(1)(A), Fed.R.Civ.P., in regard to sanctions. In regard to the injunctive relief, Defendant has failed to cite any authority to support such relief.

---

pro hac vice, which the Court granted on February 3, 2000. However, to date, Defendant, Thomas Cook, has not filed an answer or a responsive pleading to Plaintiff's Complaint.

5. The Court further notes that Defendant, Stephanie Gonzales did not challenge service of process in her motion to dismiss.

Based upon the foregoing, the Court **ORDERS** as follows:

1. The motion for joinder in other Defendants' motions to dismiss filed by Defendant, Dwayne D. Yoshina (Docket Entry # 70–2) and the motions for joinder in Defendant, Gary McIntosh's motion to dismiss filed by Defendants, William Gardner and Stephanie Gonzales (Docket Entries # 175–2, # 246–2) are **GRANTED;**

2. The motions to dismiss filed by Defendants, Lance Ward, Gary McIntosh, John Y. Brown, III, Joe Kerwin, Jacque Alexander/Jeanette Heinbockel, Ken Hechler, Ron Thornburgh, Meryl Atterberry, Victoria Buckley/Donetta Davidson, Scott Moore, Dwayne D. Yoshina, David Rancourt, James Hendrix, Gene Raynor/Linda Lamone, Ann McGeehan, Dick Filling, Sandra Stout, Janet Armstrong, Vicki Balough, Ronald D. Michaelson, Bob Taft/Kenneth Blackwell, Colleen Sealock, Linda W. Beazley, Alvin A. Jaeger, John Mott–Smith, Joseph Britt, Julie Flynn, Joyce Hazeltine, Diana Ohman, James Milne, Christopher Thomas, Sue Anne Gilroy, Kevin Kennedy, Gary Bartlett, William Gardner, Brook Thompson, John Cloonan, Thomas H. Ferguson, Dean Heller, Olene S. Walker, Stephanie Gonzales and Ward Martin III/Frances Hurst (Docket Entries # 10, # 20, # 28, # 32, # 37, # 45, # 52, # 56, # 57, # 62, # 70–1, # 72, # 75, # 76, # 83, # 86, # 90, # 93, # 99, # 103, # 108, # 110, # 111, # 116, # 121, # 125, # 139, # 142, # 146, # 151, # 158, # 161, # 165, # 168, # 170, # 175–1, # 180, # 215, # 216, # 239, # 241, # 246, and # 279) are **GRANTED;**

3. Plaintiff's motion for extension of time to respond to motion for summary judgment of Defendant, Thomas R. Wilkey (Docket Entry # 256–1) is **DENIED;**

4. The motion for summary judgment filed by Defendant, Thomas Wilkey (Docket Entry # 12) is **GRANTED;**

5. Plaintiff's Request for Clerk to Enter Default Judgment Order (Docket Entry # 192) and Motion for Default Judgment (Docket Entry # 193) are **DENIED.** Plaintiff's action against Defendants, Jane Hull, Thomas Cook, Pete Cenarrusa, Carol Olson, Joseph Mansky, Eric Clark and Bruce Meadows is **DISMISSED** for lack of personal jurisdiction;

6. The Motion for Sanctions or Injunctive Relief filed by Defendant, Janet L. Armstrong (Docket Entry # 95) is **DENIED;**

7. The Motion for Reconsideration and Motion for Sanctions filed by Plaintiff, Lindsey Springer (Docket Entries # 115–1, # 115–2) are **DENIED;** and

8. In light of the Court's dismissal of Plaintiff's action, the Court **DECLARES MOOT** Defendant, Lance Ward's Motion for the Court Not to Require Service of Defendants' Pleadings as Between Defendants (Docket Entry # 5) and Defendant, Lance Ward's Motion for Protective Order filed on March 17, 2000.