**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ELTON DEVILLE,

Plaintiff-Appellant,

v.

CHARLIE WILSON; LOVELAND
CITY POLICE; and CITY OF
LOVELAND, COLORADO,

Defendants-Appellees.

No. 06-8044

(D. Wyoming)

(D.C. No. 06-CV-36-J)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec.
1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

This appeal arises from an allegedly traumatic traffic stop in Loveland, Colorado. Because the district court correctly determined it did not have *in personam* jurisdiction over the defendants, we affirm its dismissal of the case.

## I. BACKGROUND

Officer Charlie Wilson stopped Elton Deville for speeding in a school zone in Loveland, Colorado on May 20, 2005. After a trial held in Loveland, Mr. Deville was found guilty of speeding.

In his complaint, curiously filed in the United States District Court for the District of *Wyoming*, Mr. Deville contends he was the victim of discrimination when the City of Loveland wrongfully accused him of speeding; did not allow him to discover the name of Officer Wilson's companion officer; and did not permit him to cross-examine his accusers at trial. He contends that as a result of false testimony, and the resulting conviction, he has endured "untold misery and stress," and suffers from "unbearable screaming dizziness which debilitates" his nerves. Rec. doc. 1, at 2 (Complaint, filed Feb. 7, 2006). Mr. Deville alleges that he has difficulty walking and has suffered emotional distress because of the malicious slandering of his reputation, and the ill-timed revocation of his driving privileges. He seeks damages of ten million dollars.

Officer Wilson moved to dismiss for lack of *in personam* jurisdiction. To date, the City of Loveland and the Loveland City Police Department have not

been served with the complaint. Mr. Deville moved for a default judgment in the district court.

The district court determined from the face of the complaint that it did not have jurisdiction over any of the defendants because none of the defendants had the requisite "minimum contacts" with the State of Wyoming. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The district court granted Officer Wilson's motion to dismiss and dismissed the action as to the remaining defendants.

## II. DISCUSSION

On appeal, Mr. Deville contends that he "served the[] defendants in the only way that it was possible to serve them." Memorandum Br. at 2. Mr. Deville attempted service on Officer Wilson via certified mail, delivered to the municipal court. He contends that this service upon Officer Wilson satisfied his obligations as to all defendants. Mr. Deville also contends that the district court judge "manipulated documents" and "fabricate[d] untruthful statements" when it dismissed the complaint. Aplt's Br. at 2.

We have jurisdiction under 28 U.S.C. § 1291 and we review a district court's order granting a motion to dismiss for lack of personal jurisdiction de novo. *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074 (10th Cir. 2004) (quotation marks omitted). Because Mr. Deville appears pro se, we hold his pleadings and other papers to a less stringent standard than those drafted by attorneys. *Haines*

*v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110  n.3 (10th Cir. 1991).

Under Federal Rule of Civil Procedure 4(d)(1) and (e),

 [a] defendant who waives service of a summons does not thereby waive any objection to the venue or to the jurisdiction of the court over the person of the defendant. . . . Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:

> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(d)(1), (e).

As to the City of Loveland,

Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

FED. R. CIV. P. 4(j)(2).

It is doubtful whether Mr. Deville's service upon Officer Wilson satisfied Federal Rule of Civil Procedure 4. It is certain that Mr. Deville did not effect service upon the City or the Department. There is no question that the events underlying Mr. Deville's complaint did not arise in Wyoming. As the district court noted, "no defendant has or was acting within Wyoming on a continuous and systematic basis, and no Defendant has availed itself of Wyoming's laws." Rec. doc. 8, at 1-2 (Dist. Ct. Order, filed Mar. 16, 2006).

"[W]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir.1986). "[A] district court must determine whether it has jurisdiction over the defendant[s] before [it may enter] judgment by default against a party who has not appeared in the case." *Dennis Garberg & Assocs.*, *Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997). The district court here was empowered and required to "determine the personal jurisdiction issue" before considering Mr. Deville's motion for a default judgment. *Id.* Undisputedly, absent good service, the Court has no *in personam* or personal jurisdiction over a defendant. *See, e.g., Eastman Kodak Co. v. Studiengesellschaft Kohle mbH*, 392 F. Supp. 1152 (D. Del. 1975). But because Mr. Deville failed to plead facts indicating that the defendants had the requisite

minimum contacts with the forum state, the District Court of Wyoming had no *in personam* jurisdiction over any of the defendants.

We take special note of Mr. Deville's attempts to impugn the integrity of the district court, and we admonish him that any future filings that adopt a similar tone may subject him to filing restrictions. *See Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir.1994) ("This court approves restrictions placed on litigants with a documented lengthy history of vexatious, abusive actions, so long as the court publishes guidelines about what the plaintiff must do to obtain court permission to file an action, and the plaintiff is given notice and an opportunity to respond to the restrictive order.").

## III. CONCLUSION

Accordingly, we AFFIRM the district court's grant of Officer Wilson's motion to dismiss, and we AFFIRM its sua sponte dismissal of the complaint as to the City and the Department for lack of *in personam* jurisdiction. Appellant's motion for leave to proceed in forma pauperis is denied.

Entered for the Court,

Robert H. Henry
Circuit Judge