**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2616
_____

ANTHONY B. PUE,
                    Appellant

v.

NEW JERSEY TRANSIT CORPORATION
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:21-cv-13557)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 3, 2023
Before:  HARDIMAN, PORTER, and FREEMAN, Circuit Judges

(Opinion filed: April 13, 2023)
_____

OPINION*
_____

PER CURIAM

    Pro se Appellant Anthony Pue appeals from the District Court's judgment

dismissing his action for lack of subject-matter jurisdiction.  For the reasons set forth

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

below, we will affirm the District Court's judgment.

I.

Pue, a former bus operator for the New Jersey Transit Corporation ("NJ Transit"), initiated this action in July 2021 and filed an amended complaint later that month, alleging that NJ Transit failed to make certain pension payments after he retired in 2017 due to debilitating work-related injuries.[1]  According to Pue, he was a party to an agreement with NJ Transit entitling him to payments for his disability pension, vacation time, and holidays.  He claimed that NJ Transit committed breach of contract in failing to make the required payments.

After NJ Transit failed to plead or otherwise respond, the District Court Clerk entered default.  Pue later filed a motion for a default judgment against NJ Transit, and the following month, NJ Transit's attorney filed a letter with the District Court requesting additional time to respond, explaining that a change of attorneys and problems with the PACER system prevented a timely response.  The District Court granted the request, and NJ Transit filed a motion to vacate the default and to dismiss for lack of jurisdiction shortly thereafter.  NJ Transit argued that dismissal was warranted because: (1) Pue's claim was barred by the Rooker-Feldman doctrine because Pue unsuccessfully raised essentially the same breach-of-contract claim in state court; and (2) NJ Transit is immune from suit under the Eleventh Amendment.  Pue opposed the motion to vacate and to

---

[1] Pue also filed a second amended complaint in October 2021.  The District Court appeared to consider only the first amended complaint.  Both iterations of the complaint raised essentially the same claims, however.

dismiss and, several weeks later, he filed a motion for summary judgment in which he relied on the defendant's failure to timely plead.

The District Court denied Pue's motion for default judgment and motion for summary judgment and granted NJ Transit's motion to vacate the default and to dismiss Pue's complaint, albeit for different reasons than those asserted by NJ Transit. Specifically, although Pue only explicitly asserted a state-law breach-of-contract claim, the District Court construed the complaint liberally and determined that he was arguably also attempting to assert a violation of a collective bargaining agreement under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), and a claim for collection of benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a). However, the District Court determined that NJ Transit could not be sued under the LMRA or ERISA. Likewise, the District Court reasoned that it did not have diversity jurisdiction under 28 U.S.C. § 1332, and it declined to exercise supplemental jurisdiction over the state-law breach-of-contract claim. Pue timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over dismissal for lack of subject-matter jurisdiction. See Koval v. Wash. Cnty. Redevelopment Auth., 574 F.3d 238, 241 (3d Cir. 2009). A district court's decision to set aside the entry of default and its refusal to enter a default judgment are reviewed for abuse of discretion. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984).

3

III.

Pue first argues that the District Court erred in denying his motion for a default judgment and granting NJ Transit's motion to vacate the default entered by the Clerk. We do not favor entry of default judgments, see $55,518.05 in U.S. Currency, 728 F.2d at 194-95, and a district court may set aside a default "for good cause," see Fed. R. Civ. P. 55(c). Here, as discussed further below, the District Court properly concluded that it lacked subject-matter jurisdiction over Pue's claims. Thus, it correctly granted NJ Transit's motion to vacate the default and denied Pue's motion for a default judgment. See Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986) (per curiam) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."); see also $55,518.05 in U.S. Currency, 728 F.2d at 195 (noting that "[t]he threshold question" in deciding whether a default should be set aside "is whether [the defendant] has established a meritorious defense").[2]

As noted, the District Court liberally construed Pue's pleadings and determined that he arguably asserted claims under the LMRA and ERISA.[3] It concluded, however, that NJ Transit could not be sued under either statute. Specifically, the LMRA excludes

---

[2] For similar reasons, the District Court did not err in denying Pue's motion for summary judgment.

[3] The LMRA provides a cause of action for the violation of a collective bargaining agreement, see 29 U.S.C. § 185(a), while ERISA allows "plan beneficiaries and participants to recover benefits due under a plan or to enforce the terms of the plan," Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co., 967 F.3d 218, 226 (3d Cir. 2020).

from its definition of "employer[s]" covered under the act "any State or political subdivision thereof." 29 U.S.C. § 152(2). Likewise, ERISA exempts from its coverage "governmental plan[s]," which it defines in part as those established or maintained by "any State or political subdivision thereof, or by any agency or instrumentality of the foregoing." 29 U.S.C. §§ 1002(32), 1003(b)(1). An entity constitutes a "political subdivision if it was 'either (1) created directly by the state, so as to constitute departments or administrative arms of the government, or (2) administered by individuals who are responsible to public officials or to the general electorate.'" Crilly v. Se. Pa. Transp. Auth., 529 F.2d 1355, 1358 (3d Cir. 1976) (quoting NLRB v. Nat. Gas Util. Dist., 402 U.S. 600, 604-05 (1970)) (applying test to LMRA claim); see also Koval, 574 F.3d at 241 (applying NLRB test to ERISA claim). We treat this test as jurisdictional. See Crilly, 529 F.2d at 1357; Koval, 574 F.3d at 244.

Pue does not raise any arguments in his opening brief to refute the conclusion that NJ Transit is a political subdivision exempt from the LMRA and ERISA. Even if the issue were not forfeited, see M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020), however, we agree with the District Court's conclusion. NJ Transit is "allocated within the Department of Transportation," and is "constituted as an instrumentality of the State exercising public and essential governmental functions." N.J. Stat. Ann. § 27:25-4(a). And it is governed by a board composed of members including the Commissioner of Transportation, the State Treasurer, a member of the Executive Branch selected by the Governor, and additional public members appointed by the Governor. Id. § 27.25-4(b). In both Crilly and Koval, we held that the defendants

5

constituted political subdivisions under similar circumstances. See Crilly, 529 F.2d at 1358 (emphasizing that defendant SEPTA was created as an agency or instrumentality of the Commonwealth of Pennsylvania and was governed by a board composed of members appointed by the Governor, mayor of Philadelphia, and county commissioners); Koval, 574 F.3d at 243 (reasoning that defendant was established by statute as "a public body, corporate and politic, exercising public powers of the Commonwealth *as an agency thereof*" (citation and internal quotation marks omitted)). Thus, to the extent that Pue's pleadings can fairly be construed as raising claims under the LMRA and ERISA, we agree with the District Court's conclusion that it lacked subject-matter jurisdiction over these claims.

Pue devotes much of his brief on appeal to raising constitutional and civil rights claims, most of which were not alluded to, let alone raised, in the District Court. As a litigant may not raise new claims for the first time on appeal, we will not consider them. See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 88 n.12 (3d Cir. 2013). Two of the claims raised in Pue's opening brief warrant further discussion, however. First, Pue contends that NJ Transit violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., by failing to make the disability pension payments. He suggests that the District Court should have construed his pleadings as raising this claim because he indicated, on his civil cover sheet, that his suit arose under the ADA. However, as Pue did not reference the ADA or make any factual allegations that could support an ADA claim in any iteration of his complaint or amended complaint, we cannot conclude that the District Court erred by not construing his pleadings as raising such a

6

claim.[4]  Second, Pue argues that NJ Transit discriminated against him because it has provided Caucasian employees who suffered work-related injuries with pensions but has denied disability pensions to some African American employees, including Pue.  As these factual allegations appeared nowhere in Pue's pleadings, the District Court was not obligated to consider them.[5]

Finally, having properly dismissed Pue's potential federal claims, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over his state-law breach-of-contract claim.  See Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 175 (3d Cir. 1999).  A court may decline to exercise supplemental jurisdiction "under 28 U.S.C. § 1367(c)(3) when it dismisses all claims over which it has original jurisdiction."  Doe v. Mercy Cath. Med. Ctr., 850 F.3d 545, 567 (3d Cir. 2017).  As Pue's pleadings demonstrated that both parties are citizens of New Jersey, the District Court

---

[4] Even in his brief on appeal, Pue does not raise allegations that NJ Transit discriminated against him because of his disability as required to support an ADA claim.  See 42 U.S.C. § 12112(a).  Rather, he merely argues that NJ Transit improperly denied his request for disability pension payments, apparently because it determined that he did not meet the requirements for an award.

[5] We note that Pue filed an "Amended Statement of Claim" in June 2022 in which he raised the same allegations.  While the District Court arguably could have construed this document as a motion for further leave to amend the complaint to include a Title VII claim, any error in failing to do so was harmless, as Pue's allegations lacked sufficient factual matter to establish a plausible inference that he was denied benefits because of his race.  See EEOC v. Port Auth. of N.Y. & N.J., 768 F.3d 247, 254 (2d Cir. 2014) (noting "while a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss, . . . it must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed" (alterations and citations omitted)); see also Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (providing that allegations must establish "more than the mere possibility of misconduct" to survive dismissal).

correctly noted that the diversity of citizenship required to confer jurisdiction under 28 U.S.C. § 1332 is lacking.

Accordingly, we will affirm the judgment of the District Court. Pue's motion to strike the Appellee's brief is denied.