DAVID R. THOMPSON, Circuit Judge:
 

 Appellant Balbir Singh Tuli (“Tuli”) appeals the Bankruptcy Appellate Panel’s (“BAP”) decision to affirm the bankruptcy court’s denial of entry of a default judgment against the Republic of Iraq (“Iraq”). The bankruptcy court determined Tuli failed to show that Iraq had the requisite minimum contacts with the United States to allow the court to exercise personal jurisdiction over Iraq. Concluding it lacked personal jurisdiction, the bankruptcy court declined to enter a default judgment on Tub’s adversary proceeding complaint against Iraq for the turnover of estate property pursuant to 11 U.S.C. § 542. Alternatively, the bankruptcy court held that, because the transaction between Tuli and Iraq occurred in Iraq and not in the United States, the court would abstain from deciding the case “in the interest of justice.”
 
 See
 
 28 U.S.C. § 1334.
 

 We have jurisdiction pursuant to 28 U.S.C. § 158(d). We independently review the bankruptcy court’s rulings on appeal from the BAP.
 
 See Havelock v. Taxel (In re Pace),
 
 67 F.3d 187, 191 (9th Cir.1995).
 

 Because Tuli was not given an adequate opportunity to make a showing of Iraq’s contacts with the United States once that became an issue in the case, we reverse the BAP’s affirmance of the bankruptcy court’s order denying Tub’s application for a default judgment. We remand this case to the BAP for remand to the bankruptcy court and direct that court to permit Tub to present evidence of Iraq’s contacts with the United States, either by way of affidavit or by an evidentiary hearing, whichever the bankruptcy court determines appropriate. After affording Tub the opportunity to make such a showing, the bankruptcy court should then determine whether Iraq has sufficient minimum contacts with the United States to support the court’s exercise of personal jurisdiction. If the exercise of personal jurisdiction is appropriate, the bankruptcy court may then determine whether under all of the facts as developed it should abstain from exercising that jurisdiction.
 

 
 *710
 
 FACTS
 

 In 1984, Iraq hired Tnli, a civil engineering contractor, to assist in the construction of a factory and a substation in Iraq. For the project, Tuli brought into Iraq equipment, vehicles, and material for a construction plant (collectively the “Property”). When Tuli later attempted to remove the Property from Iraq, Iraq’s Bureau of Customs allegedly refused to grant Tuli permission for the removal, claiming that Tuli owed construction dues to two Iraqi government ministries.
 

 Thereafter, an involuntary petition for. bankruptcy was filed against Tuli in the District of Arizona. Tuli then filed an adversary proceeding complaint against Iraq pursuant to 11 U.S.C. § 542 to recover the Property for the bankruptcy estate. In his complaint, Tuli alleged that Iraq had wrongfully confiscated the Property. He sought the Property’s return or compensation for its value.
 

 Tuli served Iraq with process under 28 U.S.C. § 1608, but Iraq failed to plead or otherwise respond to Tuli’s complaint. As a result, on March 8, 1994, Tuli requested entry of Iraq’s default and judgment by default. The bankruptcy court entered the requested default, but denied Tuli’s request for a default judgment against Iraq. The court denied the" request for a default judgment on the ground that the court lacked jurisdiction due to Iraq’s sovereign immunity.
 

 A little over a year later, on March 23, 1995, Iraq’s consulate contacted Tuli and asked him to provide certain documents in support of his claim.
 
 [1]
 
 Tuli sent the requested information to Iraq’s consulate the following day.
 

 The bankruptcy court then scheduled a status hearing for August 1, 1995. Iraq’s representative 'in Washington D.C. notified Tuli that no one representing Iraq would appear at that hearing, and no one did. Nevertheless,.-at the August 1, 1995 hearing, the bankruptcy court set a subsequent hearing for September 5, 1995, and ordered Iraq to demonstrate why the bankruptcy court should not grant Tuli’s request for a default judgment. When Iraq failed to appear, at the September 5th héaring or respond to the bankruptcy court’s order, the court took the matter under submission.
 

 On November 24, .1995, the bankruptcy court entered a final order. The court denied Tuli’s request to enter a default judgment against Iraq. It denied that request on the grounds that (1) the court did not have personal jurisdiction over Iraq, (2) Tuli failed to show that the bankruptcy court could exercise personal jurisdiction over Iraq, and (3) the bankruptcy court should abstain from deciding the case in the interest of justice.
 

 Tuli appealed the bankruptcy court’s order to the BAP. The BAP affirmed the decision of the bankruptcy court, and Tuli then filed this timely appeal.
 

 ISSUES
 

 The primary issues in this case are:
 

 1. Did the bankruptcy court err in raising
 
 sua sponte
 
 the question of personal jurisdiction over Iraq?
 

 2. Did the bankruptcy court properly determine that Iraq lacked the requisite
 
 *711
 
 minimum contacts with the United States necessary for the court to exercise personal jurisdiction?
 

 3. Did the bankruptcy court err in abstaining from resolving Tuli’s claims in this adversary proceeding?
 

 DISCUSSION
 

 Before discussing the primary issues in this case, we first consider the question whether Iraq enjoys sovereign immunity from Tuli’s claims under the Foreign Sovereign Immunity Act (“FSIA”), 28 U.S.C. § 1604. Although Iraq did not appear and raise the sovereign immunity defense, we discuss the issue anyway because it may provide guidance to the bankruptcy court in the event that the court decides on remand that it has personal jurisdiction over Iraq and that it should exercise such jurisdiction.
 

 We agree with the BAP’s well-reasoned analysis of the sovereign immunity question, and conclude that Iraq is not entitled to sovereign immunity under the FSIA with regard to the claims Tuli asserted in his adversary complaint in the bankruptcy court.
 

 The FSIA provides:
 

 Subject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605
 
 [2]
 
 to 1607
 
 [3]
 
 of this chapter.
 

 28 U.S.C. § 1604.
 

 Although the FSIA provides that foreign states enjoy sovereign immunity from the jurisdiction of United States courts in certain circumstances,
 
 see Siderman de Blake v. Republic of Argentina,
 
 965 F.2d 699 (9th Cir.1992), foreign states can no longer assert sovereign immunity from liability for certain actions under the Bankruptcy Code, including adversary proceeding complaints brought pursuant to 11 U.S.C. § 542.
 
 See
 
 11 U.S.C. §§ 106(a)(l)-(3) (1994), as amended by the Bankruptcy Reform Act of 1994, Pub.L. No. 103-394, § 113, 108 Stat. 4106, 4117-18;
 
 [4]
 

 see also Hardy v. IRS (In re Har
 
 
 *712
 

 dy),
 
 97 ,F.3d 1384, 1388 (11th Cir.1996). With regard to section 542 (the section under which Tuli asserts his claims in this case), section 106 abrogates sovereign immunity as to a “governmental unit,” which the Bankruptcy Code specifically defines to include a foreign state or other foreign or domestic government. 11 U.S.C. §§ 101(27); 106(a)(1).
 
 See also 2 Collier on Bankruptcy
 
 ¶ 101.27 at 101-82 to 83 (15th ed.1996).
 

 We conclude that, following the 1994 amendment to section 106, Iraq, as a governmental unit, is not entitled to sovereign immunity from Tub’s claims in this adversary-proceeding. We next consider the three primary issues in this appeal.
 

 A.
 
 Sua Sponte
 
 Consideration of Personal Jurisdiction
 

 The first of the three primary issues we consider is whether the bankruptcy court erred in raising
 
 sua sponte
 
 the question of personal jurisdiction over Iraq.
 

 In most circumstances, a defect in personal jurisdiction is a defense that may be asserted or waived by a party.
 
 See
 
 Fed.R.Civ.P. 12(h)(1) (defects in personal jurisdiction are waived by a party unless timely raised in a motion under Rule 12 or in a responsive pleading). Nevertheless, when a court is considering whether to enter a default judgment, it may dismiss an action
 
 sua sponte
 
 for lack of personal jurisdiction.
 
 See Garberg & Associates Inc. v. Pack-Tech International Corp.,
 
 115 F.3d 767, 771-72 (10th Cir.1997) (citing
 
 Williams v. Life Sav. and Loan,
 
 802 F.2d 1200, 1203 (10th Cir.1986)).
 

 In the present case, the fact that Iraq failed to plead or appear in the action makes no difference. When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.
 
 See Williams,
 
 802 F.2d at 1203. A judgment entered without personal jurisdiction over the parties is void.
 
 See, e.g., Thos. P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica,
 
 614 F.2d 1247, 1255-56 (9th Cir.1980),
 
 Veeck v. Commodity Enterprises, Inc.,
 
 487 F.2d 423, 426 (9th Cir.1973). To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.
 

 We hold that the bankruptcy court properly raised,
 
 sua sponte,
 
 the issue of its personal jurisdiction over Iraq.
 

 B. “Minimum Contacts”
 

 We next consider whether the bankruptcy court properly determined that Iraq lacked - the requisite minimum contacts with the United States to permit the court to exercise personal jurisdiction. In resolving this question, the bankruptcy court examined the record before it and determined that an insufficient showing of minimum , contacts had been made. In its order denying Tub’s application for a default judgment, the bankruptcy court stated:
 

 The complaint does not show that the defendant caused sufficient acts or events to occur which would support a finding of personal jurisdiction over the defendant. Accordingly, this court concludes that it does not have the requisite personal jurisdiction over the defendant to grant any relief.
 

 Looking only at what the bankruptcy court had before it when it resolved this issue, we would conclude the bankruptcy court was correct. The record did not reflect facts that would support the exercise of personal jurisdiction over Iraq. But this was hot Tub’s fault.
 

 Before the bankruptcy court raised the personal jurisdiction issue, there was no reason for Tub. to .present any facts to support the court’s exercise of personal
 
 *713
 
 jurisdiction over Iraq. Those facts were not necessary to allege subject matter jurisdiction nor to allege in Tuli’s complaint a claim upon which relief could be granted. Nor were such facts necessary to Tuli’s routine application for entry of a default judgment. He had obtained service of process on Iraq, and Iraq had not asserted, by motion or otherwise, the defense of lack of personal jurisdiction.
 

 Given the foregoing circumstances, the bankruptcy court should not have resolved the personal jurisdiction issue which it raised without giving Tuli notice and an opportunity to assert facts to establish Iraq’s contacts with the United States. If Iraq had sufficient “minimum contacts” with the United States under the doctrine of
 
 International Shoe Co. v. Washington,
 
 826 U.S. 310, 316, 66 S.Ct. 164, 90 L.Ed. 95 (1945), and its progeny, the exercise of personal jurisdiction over Iraq would not “offend traditional notions of fair play and substantial justice” and would be permissible under the Constitution.
 
 See, e.g., Thos. P. Gonzalez Corp.,
 
 614 F.2d at 1250 (quoting
 
 International Shoe,
 
 326 U.S. at 316, 66 S.Ct. 154). Because Tuli was not given an opportunity to demonstrate Iraq’s minimum contacts with the United States, the bankruptcy court erred in declining to enter a default judgment on the ground that such a showing had not been made.
 
 [5]
 

 C. Abstention
 

 The bankruptcy court alternatively decided to abstain from deciding the adversary proceeding “in the interest of justice” under 28 U.S.C. § 1334. Although we apply a deferential standard, we must nonetheless conduct a meaningful review of the bankruptcy court’s decision.
 
 See Matter of Chicago, Milwaukee, St. Paul & Pac. R.R. Co.,
 
 6 F.3d 1184, 1188 (7th Cir.1993). In conducting this review, we are mindful that federal courts generally should exercise properly conferred jurisdiction; thus, abstention is the exception rather than thé rule.
 
 Id.
 

 We hold that the bankruptcy court abused its discretion by abstaining from deciding the adversary proceeding. The court abstained without explanation, stating only that “even assuming personal jurisdiction does exist, this court concludes that in the interest of justice, it should abstain from hearing this matter.”
 

 Assuming
 
 arguendo
 
 that the bankruptcy court based its discretionary abstention on the fact that the transaction between Tuli and Iraq took place in Iraq, an assumption the record seems to support, reliance on this fact alone, without further explanation of how the transaction’s location affects issues of comity or justice, is insufficient under 28 U.S.C. § 1334.
 
 See In re Tucson Estates, Inc.,
 
 912 F.2d 1162, 1166-67 (9th Cir.1990).
 

 CONCLUSION
 

 Iraq is not protected by sovereign immunity from Tub’s adversary complaint under 11 U.S.C. § 542. The bankruptcy court properly raised,
 
 sua sponte,
 
 the question whether it could exercise personal jurisdiction over Iraq to enter a default judgment against it. Tuli, however, was not given an adequate opportunity to demonstrate facts to establish Iraq’s minimum contacts with the United States, and a remand is required to permit him that
 
 *714
 
 opportunity. The present record is insufficient to support the bankruptcy court’s decision to abstain. The bankruptcy court, however, may reconsider abstention following remand.
 

 We reverse and vacate the bankruptcy court’s order denying Tuli’s request to enter a default judgment against Iraq, and the bankruptcy court’s abstention order. We remand this case to the BAP for remand to the bankruptcy court for further proceedings consistent with this opinion.
 

 REVERSED and REMANDED.
 

 [1]
 

 . On October 22, 1994, 11 U.S.C. § 106, the statutory provision governing sovereign immunity in bankruptcy cases, was amended. As amended, section 106 provides "that a for- ' eign state can no longer assert sovereign immunity to the jurisdiction of the bankruptcy court to certain actions under the Bankruptcy Code, including complaints brought pursuant to § 542.
 
 See
 
 Bankruptcy Reform Act of 1994, Pub.L. No. 103-394, § 113, 108 Stat. 4106, 4117-18. These amendments became effective with respect to any case under the Code, whether commenced before, on, or after October 22, 1994.
 
 See
 
 Bankruptcy Reform Act, § 702(b)(2)(B). As we discuss in more detail later in this opinion, the October 22, 1994 amendment to 11 U.S.C. § 106 removed Iraq’s sovereign immunity under the Foreign Sovereign Immunity Act with regard to the claims asserted by Tuli in his adversary complaint in the bankruptcy court.
 

 [2]
 

 . Section 1605 provides the general exceptions to the jurisdictional immunity of a foreign state. A foreign state will not be immune from the jurisdiction of courts of the United States or of the States in any case
 

 (1) in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;
 

 (2) in which the action is based upon a commercial activity carried on in the United States by a foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.
 

 28 U.S.C. § 1605.
 

 [3]
 

 . Section 1607 is inapplicable in this case because it abrogates sovereign immunity only from counterclaims brought in an action by a foreign state, or in which a foreign state intervenes. See 28 U.S.C. § 1607.
 

 Section 1606 prescribes the extent of a foreign sovereign’s liability when it is not entitled to immunity under section 1605 or 1607.
 

 [4]
 

 . 11 U.S.C. § 106 provides in pertinent part:
 

 § 106. Waiver of sovereign immunity
 

 (a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:
 

 (1) Sections 105, 106, ... 542, ... 1305, and 1327 of this title.
 

 (2) The court may hear and determine any issue arising with respect to the application of such sections to governmental units.
 

 .(3) The court may issue against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, but not including an award of punitive damages. Such order or judgment for costs or fees under this title or the Federal Rules of Bankruptcy Procedure against any governmental unit shall be consistent with the provisions and limitations of section 2412(d)(2)(A) of title 28.
 

 
 *712
 
 11 U.S.C. §§ 106(a)(1) — (3).
 

 [5]
 

 . Personal jurisdiction may be either general or specific. Where a defendant engages in a "consistent and substantial pattern of business relations" in, or has other "substantial contacts” with, the United States, there may be general jurisdiction over the defendant without regard to the extent of its contacts with the United States during the transaction at issue in a given case.
 
 Theo. H. Davies & Co., Ltd. v. Republic of the Marshall Islands,
 
 161 F.3d 550, 554-55 (9th Cir.1998).
 
 See Texas Trading & Milling Corp. v. Federal Republic of Nigeria,
 
 647 F.2d 300, 315 (2d Cir.1981). If the contacts are insufficient for a court to invoke general jurisdiction, it should apply a seven-factor test to determine whether specific jurisdiction exists.
 
 See Core-Vent Corp. v. Nobel Indus.,
 
 AB, 11 F.3d 1482, 1487-88 (9th Cir.1993) (listing the seven factors).