In re Mary L. **WELTHER,** Debtor.

Mary L. Welther, Plaintiff,

v.

**Western Pacific Produce, Inc., Defendant.**

**Bankruptcy No. 02 BK 23662 JKO. Adversary No. 05 AP 2372 JKO.**

United States Bankruptcy Court, S.D. Florida.

April 19, 2006.

Mary L. Welther, Margate, FL, for Debtor.

### ORDER DENYING DEBTOR'S MOTION FOR ENTRY OF FINAL JUDGMENT DISCHARGING DEBT

JOHN K. OLSON, Bankruptcy Judge.

This adversary proceeding came on for consideration without a hearing on the Debtor's motion for entry of final judgment discharging debt [CP 6].

The Debtor filed her voluntary chapter 7 petition on May 14, 2002 [CP 1].[1] The Debtor received her chapter 7 discharge on December 13, 2002 [CP 15], and the Debtor's case was administratively closed on December 31, 2002. On April 16, 2004, the Debtor filed a motion [CP 17] to reopen the case in order to seek the discharge of prepetition debt which had been omitted from the Debtor's schedules. Pursuant to Local Rule 5010–1(B), the Court entered its standard Order Reopening Case to Add Omitted Creditor(s) [CP 18] on April 23, 2004. Under the terms of that Order, the Debtor was required to commence adversary proceedings against

---

1. Curiously, the complaint in this adversary proceeding alleges that the petition was filed on August 15, 2002.

any omitted creditor whose debt the Debtor sought to discharge within 15 days. Although the Debtor filed Amended Schedules [CP 19] on May 7, 2004, no adversary proceedings were commenced and the case was closed for the second time on October 28, 2004.

On July 19, 2005, the Debtor filed a second motion [CP 22] to reopen the case to add omitted creditors. The Court granted the motion by Order Reopening Case to Add Omitted Creditor(s) [CP 23] entered July 22, 2005.

This adversary proceeding was filed on August 8, 2005, as a single count complaint seeking a determination that debt allegedly owed to the Defendant Western Pacific Produce, Inc., was dischargeable in the Debtor's original chapter 7 case. The entire text of the Complaint reads as follows:

COMES NOW the above Debtor, Mary L. Welther, by and through her undersigned counsel and in support of this complaint to determine dischargeability of the defendant's debt and would show the Court as follows:

1. The Debtor filed her original petition for relief under chapter seven of the Bankruptcy Code back on August 15th, 2002 and filed her amendments to include the Defendants [sic] debt on or about April 1, 2004. See attached copy.[2]

2. The Defendant's debt is a consumer debt[3] that does not fall within the exceptions for discharge pursuant to 11 U.S.C. section 523(a) and thus the Debtor is entitled to be legally discharged from all personal liability in connection with the Defendant's debt.

WHEREFORE the above Debtor, by and through her undersigned counsel hereby formally prays that this Court rule in her favor that the debt to the Defendant is discharged and for all other relief as the Court may deem just in the premises.

■ The Complaint lacks any allegation regarding the jurisdiction of the Court. Fed.R.Bankr.P. 7008 expressly requires that a complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends," and a statement that the proceeding is core or non-core. It similarly lacks any information regarding the nature or amount of the debt, other than the unsupported and implausible allegation that the debt is a "consumer debt." At a minimum, a complaint seeking a determination that a debt is dischargeable must specify the amount and nature of the debt which the plaintiff seeks to have discharged. *Helfrich v. Thompson*, 262 B.R. 407 (6th Cir. BAP 2001).

■ A summons addressed to the Defendant was issued on August 8, 2005, and on August 9, 2005, the Debtor's lawyer, Arthur N. Razor, executed a declaration under penalty of perjury that he had served the summons and complaint by mail, addressed to:

Western Pacific Produce, Inc.

c/o Mauers Law Firm, P.L.

5395 Park Central Court

Naples, Florida 34109

The website of Mauers Law Firm, P.L., indicates that the firm is indeed located at that address and that it has a substantial

---

2. No documents were attached to the Complaint.

3. The website of Western Pacific Produce indicates that the company is "a grower, supplier and international shipper" of broccoli and other fresh vegetables from "the United States, Mexico, and Canada." See *www.western-pacific.com*. The Court accordingly finds the assertion in the Complaint that the Debtor's obligations to this company were "a consumer debt" to be implausible at best and irrelevant in any case.

practice involving the Perishable Agricultural Commodities Act ("PACA"), so it is entirely conceivable that the firm in fact represented the broccoli supplier Western Pacific Produce. The question before the Court is not whether the law firm represented the Defendant, however, but rather whether service on the law firm was good service of process for purposes of establishing the Court's jurisdiction over the Defendant.[4]

Under Federal Rule of Bankruptcy Procedure 7004(b)(3), service on a corporation may be made

> by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment of by law to receive service of process and, if the agent is one authorized by statute to receiver service and the statute so requires, by also mailing a copy to the defendant.

The records of the Florida Secretary of State Division of Corporations contain no listing of a Florida registered agent or office for Western Pacific Produce, Inc. See *www.sunbiz.org*. The records of the California Secretary of State indicate that the corporation's status is "suspended," but that its address is P.O. Box 42305, Santa Barbara, CA 93140. The registered agent for service of process in California is Diana M. Vestal, 1 Via Encanto, Santa Barbara, CA 93108. See *http://kepler.ss.ca.gov/corpdata.*

There is nothing in the record to suggest that the Meuers Law Firm, P.L. was authorized by statute or otherwise to act as an agent for service of process on the Defendant, or that mailing the summons and complaint to the Meuers Law Firm, P.L. constitutes service of process on the Defendant within the meaning on Rule 7004.

■■■ It is axiomatic that absent good service, the Court has no *in personam* or personal jurisdiction over a defendant. *Eastman Kodak Co. v. Studiengesellschaft Kohle mbH,* 392 F.Supp. 1152 (D.Del. 1975). Although federal trial courts normally face the issue of personal jurisdiction on a Rule 12(b) motion to dismiss, courts may raise the question *sua sponte* when deciding whether to enter a default judgment when the defendant has failed to appear, since a default judgment entered against a defendant who is not subject to personal jurisdiction is void. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy,* 242 F.3d 322 (5th Cir.2001). Indeed, a federal trial court has an affirmative duty to examine its jurisdiction over the parties when entry of judgment is sought against a party who has failed to plead or otherwise defend. *Tuli v. Republic of Iraq (In re Tuli),* 172 F.3d 707 (9th Cir.1999); *Williams v. Life Savings and Loan,* 802 F.2d 1200 (10th Cir.1986). Without personal service of process in accordance with applicable law, a federal court is without jurisdiction to render a personal judgment against a defendant. *Royal Lace Paper Works, Inc. v. Pest–Guard Products, Inc.,* 240 F.2d 814 (5th Cir.1957).

■■■ There was no effective service of process on the Defendant Western Pacific Produce, Inc., shown in the record before the Court. Accordingly, the Court cannot enter judgment in favor of the Plaintiff Debtor. The question then becomes whether this Court should dismiss the adversary proceeding or give the Plaintiff an opportunity to present facts establishing

---

**4.** It is of course good practice to send copies of a summons and complaint to opposing counsel. The question here is whether doing so, but nothing else to effect service, constitutes good service when the defendant does not appear.

344

the Court's *in personam* jurisdiction. Although some case law holds that dismissal might be appropriate in these circumstances, *Williams v. Life Savings and Loan,* 802 F.2d 1200 (10th Cir.1986), the more prudent course seems to be to give the Plaintiff an opportunity to present any facts not apparent in the record which would support the Court's exercise of personal jurisdiction over the Defendant. *In re Tuli, supra,* 172 F.3d at 712–713.

Based upon the foregoing, it is

ORDERED:

1. The Debtor's request for entry of a final judgment is DENIED.

2. The Debtor's counsel, Arthur N. Razor, is hereby DIRECTED to appear and to show cause at a hearing before the Court on May 1, 2006, at 1:30 p.m. why this adversary proceeding should not be dismissed for lack of *in personam* jurisdiction over the Defendant.