NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTORIA ELIA KALDAWI,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>THE STATE OF KUWAIT; et al.,<br><br>               Defendants-Appellees. | No. 17-55389<br><br>D.C. No. 2:14-cv-07316-JAK-JPR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted December 18, 2017[**]

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Victoria Elia Kaldawi appeals pro se from the district court's judgment dismissing her claims against the sovereign defendants for lack of subject matter jurisdiction and denying her motion to enter default judgment and dismissing her claims against the individual defendants  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), *Phaneuf v. Republic of Indonesia*, 106 F.3d 302, 304-05 (9th Cir. 1997), and determinations as to personal jurisdiction, *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Kaldawi's claims against the sovereign defendants for lack of subject matter jurisdiction because Kaldawi failed to establish an exception to the sovereign defendants' immunity under the FSIA. *See Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989) (statutory exceptions to FSIA provide sole basis for jurisdiction over a foreign state); *see also In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."). The district court did not abuse its discretion in denying Kaldawi's motion to enter default against these defendants for the same reason. *See* 28 U.S.C. § 1608(e) ("No judgment by default shall be entered by a court of the United States . . . against a foreign state . . . unless the claimant establishes his claim or right to relief by evidence satisfactory to the court."); *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011) (standard of review).

Dismissal of Kaldawi's claims against Al-Fahed, Al-Suheil and Al-Fares for lack of personal jurisdiction was proper because Kaldawi did not establish that these defendants had "certain minimum contacts" with California "such that the maintenance of the suit d[id] not offend the traditional notions of fair play and substantial justice." *Love*, 611 F.3d at 609 (citation and internal quotation marks omitted). The district court did not abuse its discretion in denying Kaldawi's motion to enter default judgment against these defendants for the same reason. *See Tuli*, 172 F.3d at 712 (it is proper to avoid entry of default judgment if there is no personal jurisdiction over a defendant); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (standard of review).

Kaldawi's motion to expedite case and ruling (Docket Entry No. 17) is denied as unnecessary.

**AFFIRMED.**

17-55389