**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD LIVINGSTON, | No. 21-55114 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-06975-MWF-JPR |
| v. | |
| LOUIS DeJOY, Postmaster General; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted October 12, 2021**

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Ronald Livingston appeals pro se from the district court's judgment dismissing his action arising out of an Equal Employment Opportunity Commission hearing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a sua sponte dismissal for lack of subject matter jurisdiction. *Scholastic Ent.,*

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003). We affirm.

The district court properly dismissed Livingston's action without prejudice because Livingston failed to allege a federal question or complete diversity of citizenship in his complaint. *See* 28 U.S.C §§ 1331, 1332; *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (to establish jurisdiction under § 1331, a federal question must be "presented on the face of the plaintiff's properly pleaded complaint" (citation and internal quotation marks omitted)); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (§ 1332 applies only when "the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Contrary to Livingston's contention, the district court did not have subject matter jurisdiction pursuant to United States Postal Service Publication 133.

The district court did not err in declining to grant Livingston's motions for default judgment because the district court had determined that it lacked subject matter jurisdiction over the action. *See Speiser, Krause & Madole v. Ortiz*, 271 F.3d 884, 886 (9th Cir. 2001) (standard of review); *Tuli v. Republic of Iraq (In re Tuli)*, 172 F.3d 707, 712 (9th Cir. 1999) (explaining that a district court has an affirmative duty to determine whether it has subject matter jurisdiction prior to entering default judgment, whether or not the party against whom default judgment is sought has appeared).

Livingston's motion to continue to use the mailing process (Docket Entry

No. 5) is granted.

**AFFIRMED.**