NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUN 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STERLING JAY SHAW,

        Plaintiff-Appellant,

v.

CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY, D.U.N.S. #
958427239,

        Defendant-Appellee.

No. 23-35394

D.C. No. 2:22-cv-00598-TL

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Tana Lin, District Judge, Presiding

Submitted May 29, 2024**

Before:     FRIEDLAND, BENNETT, and SANCHEZ, Circuit Judges.

Sterling Jay Shaw appeals pro se from the district court's judgment

dismissing his action alleging breach of contract arising from his employer's

COVID-19 vaccination mandate. We have jurisdiction under 28 U.S.C. § 1291.

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(1). *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018). We affirm.

The district court properly denied Shaw's request for entry of default and dismissed Shaw's action because Shaw failed to establish federal subject matter jurisdiction. *See* 28 U.S.C. § 1331 (setting forth requirements for federal question jurisdiction), § 1332(a) (setting forth requirements for diversity jurisdiction); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (explaining that the party asserting federal jurisdiction bears the burden of establishing federal jurisdiction); *see also Tuli v. Republic of Iraq (In re Tuli)*, 172 F.3d 707, 712 (9th Cir. 1999) (explaining that "a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties" before entering default).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**

23-35394