NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> JOAN V. BAYLEY; PHILIP N. BAYLEY; BIG D'S BEACH CABIN, LLC, <br><br> Defendants - Appellants. | Nos. 24-812, 24-901, 24-2901, 24-2902 <br><br> D.C. No. 3:20-cv-05867-DGE <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
David G. Estudillo, District Judge, Presiding

Submitted July 8, 2025[**]
Seattle, Washington

Before: McKEOWN, PAEZ, and SANCHEZ, Circuit Judges.

Joan Bayley, Philip Bayley, in his individual capacity and as trustee of

Frihet Trust, and Big D's Beach Cabin, LLC (collectively, "Defendants") appeal

the district court's entry of default judgment in an action by the government

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

alleging that Defendants discharged dredged or fill material into Hood Canal without a permit in violation of the Clean Water Act ("CWA"), 33 U.S.C. § 1251, *et seq.* The district court entered default judgment after Defendants repeatedly flouted their discovery obligations and violated numerous court orders. We review a district court's default judgment order for an abuse of discretion and will overturn its decision only if we have "a definite and firm conviction that it was clearly outside the acceptable range of sanctions." *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1056 (9th Cir. 2001) (citation omitted). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     When we review a district court's imposition of a sanction, we "first engage in de novo review of whether the judge had the power to impose the sanction." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011). Courts have an "affirmative duty to look into [their] jurisdiction over both the subject matter and the parties" before entering a default judgment. *Tuli v. Republic of Iraq* (*In re Tuli*), 172 F.3d 707, 712 (9th Cir. 1999). Here, the district court correctly confirmed its personal and subject matter jurisdiction over this action and over each of the government's claims. The CWA provides federal district courts with jurisdiction over "any violation for which [the Administrator] is authorized to issue a compliance order," including the statute's prohibition on unpermitted discharges of pollutants from point sources into navigable waters. *See* 33 U.S.C. § 1319(a)-

(b).  Subject matter jurisdiction also exists over the government's claims for fraudulent/voidable transfer and wrongful distribution of assets under 28 U.S.C. § 3304 and 31 U.S.C. § 3713, respectively, as these statutes provide for federal question jurisdiction under 28 U.S.C. § 1331.[1]

2.     The district court did not abuse its discretion in imposing sanctions and entering a default judgment against Defendants.  Under Federal Rule of Civil Procedure 37, district courts have the option of "rendering a default judgment against [a] disobedient party."  Fed. R. Civ. P. 37(b)(2)(A)(vi).  Sanctionable conduct includes a party's failure to obey discovery orders, Fed. R. Civ. P. 37(b)(2)(A), as well as a failure to respond to Rule 33 interrogatories and Rule 34 requests for inspection, Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3).

Although terminating sanctions are only appropriate where the violation is "due to willfulness, bad faith, or fault of the party," *United States v. Kahaluu Constr. Co., Inc.*, 857 F.2d 600, 603 (9th Cir. 1988) (citation omitted), the record

---

[1] Defendants do not challenge the district court's determination of its personal jurisdiction but proffer numerous arguments on appeal relating to the government's "standing" and mischaracterize several other challenges to the government's enforcement authority as jurisdictional.  To the extent any of these "jurisdictional" arguments are raised with sufficient specificity and clarity to avoid waiver, they fail to demonstrate an absence of subject matter jurisdiction.  *See San Francisco Baykeeper v. Cargill Salt Div.*, 481 F.3d 700, 709 n.9 (9th Cir. 2007) (explaining that a failure to establish the government's regulatory authority under the CWA is "a failure to make out a case, not a failure to establish the jurisdiction of the court").

amply supports the district court's sanction orders here. Defendants repeatedly and willfully flouted basic discovery obligations and violated numerous court orders directing Defendants to "fully comply" with the government's discovery requests, including after the district court had resolved their motions for stays of discovery and protective orders.[2] The district court warned Defendants that their continued noncompliance could result in a sanction of default on numerous occasions, but Defendants failed to heed these warnings. Even if we credited Defendants' responses—which came after the court-ordered deadline and consisted of 725 pages of "frivolous and often nonsensical arguments" and "refusals to comply"— the "[b]elated compliance with discovery orders does not preclude the imposition of sanctions." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) (alteration in original) (citation omitted).

We discern no "clear error of judgment" in the district court's weighing of the five factors laid out in *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) and its decision to impose default as a sanction for Defendants' conduct. *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d

---

[2] On appeal, Defendants also challenge the district court's rulings on these underlying motions. A party's failure to provide discovery responses, however, "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Defendants do not meaningfully challenge the district court's dispositive determination that they failed to show "good cause" in their requests for protective orders. *See* Fed. R. Civ. P. 26(c)(1).

1538, 1546 (9th Cir. 1988) ("[A]bsent a definite and firm conviction that the district court made a clear error of judgment, we will not reverse" the imposition of sanctions under Rule 37.). For the same reasons, the district court did not abuse its discretion in striking Defendants' amended answer, *see Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1115–17 (9th Cir. 2004), or dismissing Defendants' counterclaims, as the issues raised in the counterclaims bore "a reasonable relationship to the subject of discovery that was frustrated by sanctionable conduct," *Navellier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001).[3]

We also conclude that the district court did not abuse its discretion in entering default judgment. The court reasonably applied the factors laid out in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986), and correctly concluded that the well-pled allegations in the government's complaint sufficiently alleged violations of the CWA.[4] *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Defendants' contention on appeal that the Supreme Court's decisions in *Sackett v. EPA*, 598 U.S. 651 (2023) and *Rapanos v. United States*, 547 U.S. 715 (2006) (plurality opinion) render their property beyond the reach of the CWA is

---

[3] We decline to pass on the merits of Defendants' counterclaims raised on appeal as they are not properly before this court on review of the default judgment order.
[4] Defendants' arguments on appeal do not address the sufficiency of the government's pleadings as to its fraudulent/voidable transfer and wrongful distribution of assets claims. Therefore, any challenge to the government's pleadings of these claims is waived. *See Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1146 (9th Cir. 2024).

without merit.  Both *Rapanos* and *Sackett* addressed the CWA's limited application to certain wetlands, which are not at issue in this case.  Defendants' related assertion regarding limits to the CWA's regulatory reach over "temporary waters," is similarly unavailing.

We also reject Defendants' arguments regarding the preclusive and preemptive effects of certain federal statutes and state law on the government's CWA authority, and, in any event, "need not consider whether a meritorious defense was shown" when "a default judgment is entered as the result of a defendant's culpable conduct." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (citation omitted).  Finally, Defendants' factual challenges to the location and nature of their construction activities and the character of the land in question are irrelevant to our review of a default judgment order.  *See Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1171 (9th Cir. 2012).

**AFFIRMED**.[5]

---

[5] We deny Defendant Philip Bayley's pending motions for judicial notice, Dkt. 106, 109, 118, 120 (Case No. 24-812), as they are not proper under Fed. R. Evid. 201(b) and are unnecessary to our review of the district court's default judgment order.  We similarly deny Defendants' unsubstantiated request for sanctions against the government.